In re Jennifer BOURQUE, Debtor.

Jennifer Bourque, Plaintiff,

v.

Educational Credit Management Corporation, Defendant.

Bankruptcy No. 02–46123–JBR.
Adversary No. 03–4027–JBR.

United States Bankruptcy Court,
D. Massachusetts,
Western Division.

Nov. 19, 2003.

John W. Connors, Worcester, MA, for Debtors.

John A. Burdick, Burdick & DiLeo, Worcester, MA, Trustee.

## MEMORANDUM ON DISCHARGE OF STUDENT LOAN OBLIGATIONS

JOEL·B. ROSENTHAL, Bankruptcy Judge.

This matter came before the Court on the complaint by Jennifer Bourque (the "Debtor") seeking the discharge of her student loan obligations on the basis of undue hardship pursuant to 11 U.S.C. § 523(a)(8). On November 5, 2003, the Debtor and Educational Credit Management Corporation ("ECMC") tried the case and the matter was then taken under advisement. After consideration of the testimony and the exhibits, for the reasons set forth herein, the Debtor did not meet her burden of proving that repaying her student loans will cause her and her dependents "undue hardship" as required by § 523(a)(8) of the Bankruptcy Code.

The Debtor is a 29 year-old woman. The Debtor graduated from Becker College in 1996 with a Bachelor's of Arts degree in Paralegal Studies. Later in 1996 the Debtor began attending Quinsigamond Community College. In 1997 the Debtor graduated from Quinsigamond College with an Associates Degree in Criminal Justice.

The Debtor's education at Becker College and Quinsigamond Community College was paid for in part through the Federal student consolidation student loan that is now held by ECMC ("Student Loan"). The total outstanding balance due on the Student Loan as of October 29, 2003 amounts to $13,591.48.

The Debtor is married and has one child, a boy, born in 1999. The Debtor states that her husband suffers from Multiple Sclerosis and is not presently employed. The Debtor's husband receives Social Security payments in the amount of $700 per month which includes a child benefit payment. Additionally, the Debtor's household receives an earned income and child credit of $223.00 per month. From April 2000 through the present the Debtor has been employed as a legal secretary by the firm of McLaughlin and Russell. The Debtor works an average of 21 hours per week and earns a net income of $1,012.00 per month. The Debtor's approximate total net monthly household income from all sources is $1,935 per month.

The Debtor argues that she is entitled to relief under § 523(a)(8) which excepts from discharge student loans. Section 523(a)(8) of the Bankruptcy Code states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit, overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship· or stipend unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

■ In a § 523(a)(8) action the creditor bears the initial burden of proving the debt exists and that the debt is of the type excepted from discharge under § 523(a)(8). *See Koch v. Pennsylvania Higher Educ. Assistance Agency, et al.,* 144 B.R. 959, 963 (Bankr.W.D.Pa.1992). Once the creditor makes this showing, the burden shifts to the Debtor to prove that excepting the student loan from discharge will cause the Debtor and his dependant's "undue hardship." *See Ledbetter v. United States Dept. of Educ.,* 254 B.R. 714, 716 (Bankr. S.D.Ohio 2000). In this matter the Debtor has confirmed the existence of a debt owed to ECMC and that the debt falls within the exceptions listed in § 523(a)(8). Therefore, the only issue that remains before the Court is whether the Debtor has met her burden of proving that excepting her student loan obligations from discharge will cause her and her dependents "undue hardship".

■ This Court has relied on the "totality of the circumstances" test articulated in *Kopf v. United States Dept. of Educ.,* 245 B.R. 731, 739 (Bankr.D.Me.2000). *Dolan v. American Student Assistance, et al.,* 256 B.R. 230, 238 (Bankr.D.Mass.2000). In *Dolan* the Court stipulated that a debtor attempting to discharge student loans under § 523(a)(8) "must prove by a preponderance of the evidence, that (1) his past, present, and reasonably reliable future financial resources; (2) his and his dependents' reasonably necessary living expenses, and; (3) other relevant facts or circumstances particular to the debtor's case are such that excepting the student loans from discharge will prevent the debtor from maintaining a minimal standard of living, even with the advantage of a discharge of his other pre-petition debts." *Dolan,* 256 B.R. at 238. The Court must determine, by making specific findings as to each of these matters, if excepting the Debtor's student loans from discharge will impose an "undue hardship" on the Debtor and her dependents.

## A. The Debtor's Past, Present and Reasonably Reliable Future Financial Resources

■ Although the Debtor shows that her past and present income are insufficient to pay her student loans, the Debtor has not proven to the Court's satisfaction that her prospects for increasing her future income are such to warrant a discharge of her student loans. *In re Greco,* 251 B.R. 670, 675 (Bankr.E.D.Pa.2000). Courts have stated unemployment or even underemployment are insufficient per se to establish undue hardship. *Healey v. Massachusetts Higher Educ.,* 161 B.R. 389 (E.D.Mich.1993). This Court stated that financial adversity is not sufficient to have a student loan debt discharged on the basis of undue hardship and there must be additional unique circumstances. *Bloch v. Windham Professionals, et al.,* 257 B.R. 374 (Bankr.D.Mass.2001). One must be suffering from truly severe, and even uniquely difficult circumstances in order to demonstrate undue hardship. *Craig v. Pennsylvania Higher Education Assistance Agency,* 64 B.R. 854, 857 (Bankr. W.D.Pa.1986). While the Debtor has testified that her caring for her husband and child prevent her from working more hours, she has not offered any credible evidence to sustain a burden of proof for a claim under "unique circumstances" that would allow her to show undue hardship.

The Debtor claims that part of her undue hardship develops from the inability of her husband to work due to Multiple Sclerosis. The Debtor's husband is able to contribute his Social Security Income to the household, however. Further, the husband currently cares for their child while the Debtor works. While the Court does not minimize the impact of the Debtor's

husband's Multiple Sclerosis, this diagnosis does not demonstrate that the Debtor will not increase earnings in the future and does not establish an undue hardship in the matter.

The Debtor has also failed to present any credible evidence or reasoning to why she would not be able to work more hours once her son began attending school. At the very latest, the Debtor's son will be able to attend Kindergarten in the 2005 school year. The Debtor testifies that she cannot work more hours at her job because she must watch her son in the morning. Once her child begins school, those hours will be available to her to work. This would also allow her husband to obtain more rest and therefore, more time to watch their child while the Debtor works. Thus, in the reasonably reliable future, the Debtor can obtain more hours of work which can contribute to her student loan payments.

The Debtor maintains a Bachelor of Arts Degree in Paralegal Studies and an Associate Degree in Criminal Justice. She possess a excellent education that has been a valuable resource in her current employment and can be in any future employment. The Debtor is 29 years-old and has the future potential to obtain better employment by use of her skills and education. The Debtor has been with her current employer for over 3 years and therefore has no issues in obtaining and maintaining employment. In the foreseeable future, the Debtor will be able to obtain either a part-time job with a greater paid salary, a raise with her current employer or obtain more hours in her current job to be able to make payments toward her student loan responsibility.

## B. The Debtor's Reasonably Necessary Living Expenses

In addition to finding that the Debtor's future income prospects will allow her to repay her student loans without undue hardship, the Court also finds the Debtor will also be able to accommodate her reasonably necessary living expenses. The Debtor has offered a summary of her monthly income and reasonable necessary living expenses. In 2002, her household's Social Security benefits were $700 a month and the earned income credit and child credit were $223 a month. Her monthly salary from her employment with McLaughlin and Russell was $1,012 a month. The Debtor's approximate total net monthly household income from all sources is $1,935 per month. In the Debtor's submitted 2002 monthly expenditure chart a total of $1,944 a month was reported. Although this creates a deficiency of $9 a month, the Debtor's expenditures can be reasonably cut, even a bit, in order to balance her expenses and income so that the deficiency can be cured and payment could be given towards the Debtor's student loan obligations.

Further, it is foreseeable that the Debtor will obtain an increase in salary due to her three year plus tenure at her job. Also, with her child attending school in the near future, she would be able to obtain more hours of work. Therefore, allowing her to meet her current expenses as well as her student loan obligations. The Debtor's reasonably necessary living expenses do not warrant a discharge of her student loan obligations.

## C. The Debtor's Other Relevant Facts or Circumstances

While the Court has already concluded that the Debtor's reasonably necessary living expenses do not warrant a discharge of her student loan obligations, "the Court also looks to see if there are facts or circumstances unique to the Debtor's case

that warrant granting a discharge of her student loans, notwithstanding the Court's conclusions above." *In re Bloch,* 257 B.R. 374 (Bankr.D.Mass.2001). In this case the Debtor has failed to present evidence of any facts or circumstances that would induce this Court to allow the Debtor to discharge her student loan obligations due to an undue hardship. The Debtor testified that having to care for her child and disabled husband have impeded her ability to obtain more hours of work. The Debtor however failed to present evidence of any facts or circumstances to make a sufficient claim that this situation poses an undue hardship on her and her dependents.

While the Court is aware that raising a child and caring for a disabled family member is arduous, this situation has not prevented the Debtor from obtaining employment pertaining to her educational training. In fact, the Debtor has maintained her current employment position for over three years. There is no indication that her family situation, as difficult as it might be, prevents her from using her job experience and educational training to obtain a higher paying position in another company or from advancing in her current place of employment.

The Court recognizes the difficulties associated with caring for disabled family members, taking care of a child, and maintaining employment. While the Court is sensitive and appreciative to the care and devotion the Debtor provides to her family, it also understands that Congress, under § 523(a)(8), did not give the Court the power to make distinctions between family hardships and their measure in determining an undue hardship.

Therefore, this Court finds that the Debtor is not burdened with any handicap or disability that precludes her from any position the Debtor is qualified to enter. *In re Borrero,* 208 B.R. 792, 795 (Bankr. D.Conn.1997). Since the Court can find no compelling reason to allow this Debtor to discharge his student loan obligations, the Court must find for ECMC. Further, the Court suggests that the Debtor partake in ECMC's attempts to offer a transitional agreement until the Debtor obtains more hours of work or a more gainful position of employment[1].

For the reasons set forth herein, the Court will enter judgment for the Defendant and finds those student loans and debts to be nondischargeable.

A separate order will issue.

---

1. ECMC has offered the Debtor to become enrolled in a loan consolidation program The United States Department of Education provides termed "Income Contingent Repayment Plan" under 34 C.F.R. § 685.209 Under the plan, the Debtor's monthly loan payment would be adjusted annually based upon the Debtor's total adjusted gross income for the year.